# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THOMAS AND AMBER RIDENOUR HORTON, | CASE NO. 1: 22 CV 1478 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| v. | |
| LORAIN COUNTY CHILDREN SERVICES, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

## Background

Plaintiffs Thomas and Amber Ridenour Horton have filed a *pro se* civil rights complaint (pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) against Lorain County Children's Services and Lashawn White. (ECF No. 1.)

Although their complaint is convoluted and unclear and virtually impossible to parse for specifics, it pertains to plaintiffs' involvement with Lorain County Children Services. Plaintiffs indicate they have a history of involvement with Lorain County Children Services dating back to 2006 regarding multiple children, and they contend they have suffered rights violations as a result of Children Services's removal of several of their children from their custody. They seek "$10,500,000" and the "reinstatement of their parental rights of their children." (*Id.* at 6.)

Plaintiffs did not pay the filing fee in the case, but instead, filed a "Financial Disclosure/Fee Waiver Affidavit and Order." (ECF No. 2.) This affidavit is deficient because it

is not the correct form for seeking to proceed *in forma pauperis* in this district and because neither plaintiff signed it. Nonetheless, the Court finds it would be futile to require plaintiffs to file a proper application to proceed *in forma pauperis* because it finds, upon review, that plaintiffs' complaint must be dismissed.

**Standard of Review and Discussion**

*Pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But *pro se* plaintiffs must still meet basic pleading requirements, and federal courts are not required to conjure allegations on their behalf or construct claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that plaintiffs' complaint warrants dismissal for lack of subject-matter jurisdiction. First, the allegations in plaintiffs' pleading are so unclear, vague, and conclusory that they fail to provide a basis to establish this Court's subject-matter jurisdiction over any federal claim against either defendant in the case under *Bivens* or § 1983. *See Apple*, 183 F.3d 477 (holding that *pro se* civil rights action against was properly dismissed for lack of subject-matter jurisdiction where the complaint alleged claims that were not arguably plausible). The complaint fails to provide comprehensible, particularized facts or information plausibly

suggesting that defendants violated plaintiffs' federal constitutional rights.

Further, federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 Fed. Appx. 615, 616 (6th Cir. 2003); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception ... divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, . . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 Fed. Appx. at 616 (internal citation omitted).

Here, although plaintiffs assert violations of federal constitutional rights, the core concern of their complaint is clearly one of domestic relations because they are challenging child custody determinations made with respect to their children and seek "reinstatement" of their parental rights. This Court lacks jurisdiction to hear such a case.

## Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn*, 183 F.3d 477. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 28, 2022

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE